ters was expressly repealed by the act of 10th of December, 1814, c. 10 [3 Stat. 146]. This course of legislation manifestly shows, that whenever the rights of parents were intended to be saved, a special proviso was uniformly introduced for that purpose.

The decisions of two very respectable state courts, which have been cited at the bar, so far as they go, proceed on the same principles, which have been adoped by this court, and are entitled to great weight. Com. v. Murray, 4 Bin. 487; Ex parte Roberts, 2 Hall, Law J. 192. The decisions of our own state court, which have been cited on the other side, are inapplicable; for they turn altogether upon the meaning and extent of the proviso in the army act of 1813, c. 154. It is not now necessary to consider, how far a state court has jurisdiction to discharge a person, who, by the return of the habeas corpus is shown to be enlisted under a contract with the United States. Whenever that question shall arise, it will deserve very grave consideration. See Ex parte Roberts, 2 Hall. Law J. 192; Ferguson's Case, 9 Johns. 239; Martin v. Hunter, 1 Wheat. [14 U. S.] 304. But, with great deference to the learned judges, I have never been able to bring my mind to assent to the construction put upon the act of 1813, in some of the cases in the Massachusetts Reports. Com. v. Cushing 11 Mass. 67.

The view, which has been taken upon the general question, as to the validity of the contract of enlistment, renders it unnecessary to consider the second point made in this cause, viz. how far an infant can, by disaffirming his contract of service, avoid the punishment, which has been regularly adjudged against him by the sentence of a court-martial, for a crime committed by him, the whole proceedings and sentence having been pronounced, while the contract was in force. See Rex v. Inhabitants of St. Nicholas, Burrows, Sett. Cas. 91; 2 Strange, 1066; Gray v. Cookson, 16 East, 13; Grace v. Wilber, 10 Johns. 453, 12 Johns. 68.

If it had been necessary in this case to ascertain, whether there had been any consent of the father, I should have thought it necessary to have required more explicit affidavits than have been made, and a peremptory denial of assent on the part of the father, as well as a special statement of the facts, as to the mode of life and place of residence of the minor previous to his enlistment; for an assent of the father need not be express, but may be implied from circumstances. If a father should voluntarily send his minor children away from home, to obtain a maintenance and support in any manner, that they could; this would be an implied consent to any contract for that purpose, into which they should enter, and a waiver of his parental rights. It is upon this ground, that the ordinary retainers of servants, who are minors, are held valid against the subsequent acts of the father. In strictness of law the contract of the minor in such cases becomes obligatory, because, being an exile from his father's house, whatever contract he forms is, in an enlarged view, necessary for his support, maintenance, or education.

I am of opinion, that Robert Treadwell, the minor, ought to be remanded to the custody of his commanding officer. It is the opinion of the district judge, that the consent of the parent, or guardian, when there is one, is necessary, either expressed or implied, to authorize the engagement of a minor in the naval service; but he concurs in the order to remand the said Robert to the custody of his commanding officer on the special circumstances of this case.

UNITED STATES (BAJORQUES v.). See Case No. 761.

## Case No. 14,498.

UNITED STATES v. BAKER.

[See Case No. 14,501.]

## Case No. 14,499.

UNITED STATES v. BAKER.

[3 Ben. 68.] [1]

District Court, S. D. New York. Dec., 1868.

SETTING ASIDE VERDICT — DEAF JUROR — CHALLENGE.

1. Nothing that is a cause of challenge to a juror before verdict, can be used to set aside a verdict.

[Cited in Johns v. Hodges, 60 Md. 215.]

2. Where one of the jurors in a criminal trial was deaf, and the defendant was ignorant of the fact when the jury were empanelled: Held, that this was no cause for setting aside the verdict.

[Cited in Brewer v. Jacobs, 22 Fed. 239.]

[Cited in Re Waterman's Will (R. I.) 28 Atl. 1027; Ryan v. River Side & Oswego Mills, 15 R. I. 436, 8 Atl. 246; State v. Powers, 10 Or. 145; U. S. v. Augney, 6 Mackey, 89.]

The defendant in this case [Garniss E. Baker] was convicted of an offence under the national banking act. After the verdict, a motion was made to set it aside on the ground, among others, that one of the jurors was deaf and did not and could not hear the evidence, and that the defendant was ignorant, at the time the jury were sworn and empanelled, of the deafness of the juror.

B. K. Phelps. Asst. U. S. Dist. Atty.
John Sedgwick, for defendant.

BLATCHFORD, District Judge. On principle, as well as on authority, nothing that is a cause of challenge to a juror before verdict, can be used to set aside a verdict, as for a mistrial, even though the cause of challenge was unknown to the party when the jury

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]